## DECIDED IN

# THE SUPREME COURT

### OF THE

## STATE OF WASHINGTON.

[No. 2310. Decided December 1, 1896.]

MARY A. SHOEMAKE, *Appellant*, v. FRANK STIMSON, *Sheriff, et al., Respondents.*

FRAUD — PLEADING AND PROOF — SURETYSHIP — CONTRIBUTION AMONG CO-SURETIES—LIABILITY OF LANDS ACQUIRED UNDER HOMESTEAD ACT.

In an action by a wife to enjoin the sale upon execution, in satisfaction of a judgment against her husband, of land deeded to her by her husband, the burden of proof is upon the wife, under Gen. Stat., sec. 1455, to show the good faith of the transaction; and, after attempting by pleading and proof to establish that fact, she is not in a position to object to a finding of fraud made by the court in the absence of allegations thereof in the pleadings.

The indebtedness of one co-surety to another does not accrue at the time of their signing the obligation of the principal debtor, but on the date that one co-surety makes payment on the common obligation in excess of his share of the common burden.

Lands acquired under the homestead laws of the United States are not exempt from execution in satisfaction of a claim for contribution among co-sureties, although the principal obligation may have been incurred prior to the issuance of patent, if the payment by one co-surety, upon which the claim of contribution is founded, has not been made until after the issuance of patent.

Appeal from Superior Court, Klickitat County.— Hon. SOLOMON SMITH, Judge. Affirmed.

*M. M. Godman, S. G. Cosgrove,* and *N. B. Brooks,* for appellant:

The question of fraud is not raised by the pleadings. The appellant alleged ownership in her complaint. The answer of the respondents denied such ownership. Neither fraud nor any other matter in avoidance of plaintiff's title was set up in the answer. There were no facts stated in the answer apprising the appellant that her title would be assailed on the ground of fraud, hence said finding is entirely outside of the issues made by the parties. Intent to defraud is a question of fact and must be averred and proved. *Emmons v. Barton,* 109 Cal. 671; *Van Vliet v. Halsey,* 14 Pac. 482; *Houx v. Blum,* 29 S. W. 1135; *Merchants' National Bank v. Barker,* 28 S. W. 698; *Rathbone v. Frost,* 9 Wash. 162. Fraud must be specially pleaded in an answer as well as in a complaint. *Tucker v. Parks,* 1 Pac. 432; *McCreary v. Marston,* 56 Cal. 403.

Under Rev. St. U. S., sec. 2296, providing that "no lands acquired under this chapter [on homesteads] shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor," land so acquired is not liable for a debt contracted prior to the issuing of the patent, and a conveyance of the same, even though made with intent to defraud creditors, vests the title thereof in the grantee, and does not become subject to the lien of a judgment obtained by a creditor of the grantor on a debt contracted before the date of the patent. *Wilson v. Taylor,* 31 Pac. 697; *Barnard v. Boller,* 38 Pac. 728; *Miller v. Little,* 47 Cal. 348; *Mull v. Jones,* 5 Pac. 389; *Wetherly v. Straus,* 28 Pac. 1045; *Jean v. Dee,* 5 Wash. 580; *Nash v. Farmers' and Merchants' Bank,* 44 Pac. 907; *Hixon v. George,* 18 Kan. 260.

At the time Shoemake and the other sureties signed said notes, in the eyes of the law there was an implied promise on the part of each surety to contribute his share, if necessary, to make up the common loss. *Chipman v. Morrill*, 20 Cal. 136; Brandt, Suretyship, sec. 220; *Landsdale v. Cox*, 7 T. B. Mon. 401; *Anew v. Bell*, 4 Watts, 31.

*C. H. Spalding*, and *W. B. Presby*, for respondents:

Whether or not the question of fraud is within the pleadings, it is unnecessary to discuss. The case was tried in the lower court on the assumption that the question was within the pleadings. No question was raised in the lower court by appellant as to this. Appellant opened up and entered upon this question herself. She voluntarily undertook to prove good faith at the trial in the lower court. Both she and her husband testified on direct and cross examination, without objection, regarding the character of the transfer in this particular. She cannot now on appeal avoid the conse_ quences of her failure to prove good faith by asserting that the question was not within the pleadings. *Tacoma Light & Water Co. v. Huson*, 13 Wash. 124; *Murray v. Meade*, 5 Wash. 696; *Colorado Mortgage, etc., Co. v. Rees*, 42 Pac. 43; *Libby v. Scherman*, 146 Ill. 540 (37 Am. St. Rep. 191); *Tognini v. Kyle*, 17 Nev. 209; *Joliet, etc., Ry. Co. v. Velie*, 140 Ill. 59; *Davis v. Hinchcliffe*, 7 Wash. 199.

Now, when was this indebtedness upon which Mr. Finlayson recovered judgment against John Shoemake contracted by Shoemake within the meaning of sec. 2296, Rev. St. U. S., or was it a debt which was contracted within the meaning of that section? A sum of money payable upon a contingency is not a debt or does not become a debt until the contingency has

happened. _People v. Arguello_, 37 Cal. 525. Contribution between co-sureties does not arise from any contract between them, but from the principle that equality is equity. _Moore v. Moore_, 15 Am. Dec. 523; _Camp v. Bostwick_, 5 Am. Rep. 669; _Martin v. Frantz_, 14 Am. St. Rep. 859; _Van Winkle v. Johnson_, 11 Ore. 469 (50 Am. Rep. 495); _Tyns v. De Jarnette_, 26 Ala. 280; _Russell v. Failor_, 1 Ohio St. 327 (59 Am. Dec. 631;) _Norton v. Coons_, 6 N. Y. 33; _Wells v. Miller_, 66 N. Y. 255. Sureties have right of contribution from each other in proportion to the amount that each has paid upon the common debt, and this right results, not from any implied contract between the parties, but from an acknowledged principle of natural justice which requires that those who voluntarily assume a common burden should bear it in equal proportions. _White v. Banks_, 56 Am. Dec. 283; 1 Story, Equity Jurisprudence, (7th ed.) p. 493. In the case at bar there was no debt from Shoemake to Finlayson prior to the time that Finlayson and Judy made payment on the common debt in excess of their share of the common burden. The payment by them of more than their share of the common debt raises an equity for contribution in their favor againt John Shoemake and the other solvent sureties, and not until then could there be said to be an indebtedness from John Shoemake to Daniel Finlayson.

The opinion of the court was delivered by

GORDON, J.—In April, 1891, Peter Shoemake and W. B. Hayden, as principals, and respondent Daniel Finlayson, John Shoemake, Edward Judy, W. W. Gregory and Gilbert Hayden, as sureties, executed and delivered to one I. R. Dawson promissory notes, in a sum aggregating $5,000, which notes matured December 1,

1891. Thereafter, the respondent Finlayson and said Edward Judy were compelled to and did pay on account of said notes about $2,500, upwards of $500 of which was paid subsequent to the sixth day of June, 1892.

Thereafter, Judy duly assigned to respondent Finlayson his claim for the money so paid by him, and Finlayson commenced an action in the superior court for the county of Klickitat against said John Shoemake, one of his co-sureties upon the notes to Dawson, to recover from said Shoemake one-third of the amount so paid by Finlayson and Judy, and in said action recovered judgment for the sum of $961.46. In January, 1894, execution was issued upon the judgment and placed in the hands of the sheriff of Klickitat county, who proceeded to levy upon the property which is the subject of this action, viz., 160 acres of land located in said county, which had been patented to the said John Shoemake on the sixth day of June, 1892, pursuant to the homestead laws of the United States. The property was sold under said execution to the respondent Finlayson and thereafter the sale was confirmed by the court.

The present action was commenced by Mary A. Shoemake, wife of said John Shoemake, to restrain and to enjoin the sheriff of Klickitat county from delivering to the respondent Finlayson a sheriff's deed to the land so sold. In her complaint she alleges that she is the owner of the land by virtue of a conveyance from her husband, John Shoemake, executed prior to the execution sale above referred to; also, that the land was exempt from execution by virtue of section 2296 of the Revised Statutes of the United States, providing that:

"No lands acquired under this chapter [relating to homesteads] shall in any event become liable to the

satisfaction of any debt contracted prior to the issuing of the patent therefor."

At the trial below, the parties filed a written stipulation embracing all of the facts within the issues raised by the pleadings, excepting as to the good faith of the conveyance to the appellant by her husband and the consideration therefor. Upon these issues, evidence was introduced from which the lower court found that the deed to the appellant from her husband was made and delivered "with the mutual intent to hinder, delay and defraud creditors." The court further found that the sum of $533 was paid by Finlayson and Judy on the Dawson note after the issuing of the patent to the land in question and that "the said premises are not exempt from that sum." The court further concluded:

"That the indebtedness between Shoemake, Judy and Finlayson as co-sureties on said notes   .   .   . was contracted when the said Finlayson and Judy paid more than their proportion of said notes   .   .   ."

and

"That said deed is void so far as creditors are concerned."

These findings and conclusions and the judgment entered thereon were duly excepted to, and the cause comes to this court upon appeal.

1. The first assignment is that the finding of a fraud is not sustained by the pleadings and was against the evidence in the cause. We do not think that counsel are in a position to urge the first proposition embraced in the assignment. The evidence upon which the finding is based was received below without objection, and it is obvious from an inspection of the record that the case was tried below on the theory that

the question of fraud *was* within the pleadings. The appellant appears, moreover, to have opened the door for the admission of the evidence by affirmatively undertaking to prove the good faith of the transaction surrounding the conveyance from her husband. Sec. 1455, Gen. Stat., (Vol. 1 Hill's Code), provides that:

"In every case where any question arises as to the good faith of any transaction between husband and wife, whether a transaction between them directly or by intervention of third person or persons, *the burden of proof shall be upon the party asserting the good faith.*"

Both by her pleading and conduct at the trial the appellant assumed the burden of establishing the good faith of the transaction in question, and we think the finding was proper and that it is fully sustained by the evidence received upon the trial.

2. It is next urged, that even if the premises were conveyed by John Shoemake to his wife with intent to delay, hinder and defraud his creditors, yet the effect of such conveyance did not, and could not, defraud the respondent Finlayson for the reason that the premises in question were not subject to be sold in satisfaction of his judgment. This makes it necessary to determine when the indebtedness arose upon which respondent Finlayson recovered judgment against Shoemake. Appellant's contention in this regard is that that indebtedness was incurred and contracted on the ninth day of April, 1891, being the date on which the notes to Dawson already referred to were executed by Shoemake, Finlayson, Judy and the other co-sureties of Shoemake and Hayden, while the position of the respondent is that there was no indebtedness contracted or incurred by John Shoemake to the respondent Finlayson or to Judy until

they were obliged to, and actually did, pay the sums hereinbefore referred to.

The contention of the respondent must be sustained, and, upon the facts here stated, we think it must be held that there was no "debt" from Shoemake to Finlayson or Judy prior to the time that they made payment on the common obligation in excess of their share of the common burden, and as we have already seen, these payments, or at least some of them, were not made until after the patent to the land in question had actually issued. Until such payments were made no right of action existed against John Shoemake in favor of either Finlayson or Judy.

The subsequent suit by Finlayson, in which judgment was obtained, was not upon the notes executed to Dawson. Prior to such payment, no right of action existed, but only an equity which sprung up at the time the relation of co-sureties was entered into and which did not ripen into a cause of action until such payments were actually made. The equity which theretofore existed cannot be held to be a "debt contracted prior to the issuing of the patent, within the meaning of the homestead law which exempts lands acquired under it therefrom." *Chipman v. Morrill,* 20 Cal. 131; *Camp v. Bostwick,* 20 Ohio St. 337 (5 Am. Rep. 669); *White v. Banks,* 21 Ala. 705 (56 Am. Dec. 283); 1 Story's Equity Jurisprudence, (13th ed.) § 493; 1 Brandt, Suretyship and Guaranty, (2d ed.) § 254.

Upon the entire record we think no error was committed, and the judgment and decree of the superior court will be affirmed.

SCOTT, DUNBAR and ANDERS, JJ., concur.