===

### In re COHN.

(District Court, D. North Dakota, S. E. D. July 28, 1909.)

1. BANKRUPTCY (§ 458*)—ORDER OF REFEREE—REVIEW—EXCEPTIONS.
   Where a bankrupt filed no exceptions to a referee's order determining his right to exemptions, the bankrupt could not object to any of its provisions on certificate for review.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 918; Dec. Dig. § 458.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2** PUBLIC LANDS (§ 140*)—EXEMPTIONS.

Under Rev. St. § 2296 (U. S. Comp. St. 1901, p. 1398), declaring that a homestead acquired in public land should not become liable to the satisfaction of any debt contracted prior to the issuing of a patent therefor, the issuance of the patent, and not the issuance of a final receipt, to the homesteader entitling him to a patent, fixes the time from which the property may become liable for subsequent debts of the homesteader.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 379; Dec. Dig. § 140.*]

**3.** BANKRUPTCY (§ 396*)—EXEMPTIONS—STATUTES—REPEAL.

Bankr. Act July 1, 1898, c. 541, § 6, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), providing that the act shall not affect the allowance to bankrupts of exemptions prescribed by state laws, deals solely with laws of the states, and does not repeal or affect Rev. St. § 2296 (U. S. Comp. St. 1901, p. 1398), providing that a federal homestead shall not be liable for debts of the homesteader before the issuance of a patent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 668; Dec. Dig. § 396.*]

**4.** BANKRUPTCY (§ 396*)—RIGHTS OF TRUSTEE—FEDERAL HOMESTEAD.

Since, under Rev. St. §§ 2288, 2291 (U. S. Comp. St. 1901, pp. 1385, 1390), a homestead entryman could not transfer his homestead, and by section 2296 (page 1398) creditors prior to patent could not subject the homestead to their claims, a homestead to which no patent had issued, though a final receipt had been granted, did not pass to the entryman's trustee in bankruptcy under Act July 1, 1898, c. 541, § 70(5), 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), declaring that the trustee is vested with the title of the bankrupt to all property which, prior to the filing of the petition, he could by any means have transferred, or which might have been levied on and sold under judicial process.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 668; Dec. Dig. § 396.*]

**5.** BANKRUPTCY (§ 4*)—NATURE AND PURPOSES.

The purpose of the bankruptcy act is to give creditors only such rights which would have been theirs if bankruptcy had not supervened, and to save to the bankrupt and his family every right and exemption which would have been theirs as against creditors enforcing their claims by ordinary judicial process.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 4.*]

J. K. Murray and Stambaugh & Fowler, for bankrupt.

J. P. Williams and Engerud, Holt & Frame, for creditors and trustee.

AMIDON, District Judge. The above bankrupt filed his voluntary petition in bankruptcy on the 5th day of December, 1908. About the 1st of July, 1908, he made final proof upon a government homestead, and received his final receipt entitling him to a patent therefor. All debts scheduled by the bankrupt were incurred prior to the date of his making such final proof. In his schedules he claimed the homestead as exempt both under the laws of North Dakota and under section 2296 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 1398). The trustee set the land off to him as his homestead, under the state laws. One of his creditors filed exceptions before the referee to this action of the trustee, and asked that an order be entered denying the bankrupt's right to the land as a homestead, and directing the trus-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tee. to take possession of the same and apply it to the satisfaction of the bankrupt's debts. This question was fully presented before the referee, by counsel for the respective parties, upon voluminous testimony. As the result of such hearing, the referee found that the bankrupt prior to the time of the filing of his petition in bankruptcy had removed from the state of North Dakota, in which the homestead is situated, and taken up his residence in the city of Minneapolis, in the state of Minnesota, and that he had thereby abandoned his homestead as an exemption under .the laws of the state of North Dakota, and lost all right to claim the same as exempt under those laws; but the referee further held that the homestead was exempt from the claims of all creditors whose indebtedness was incurred prior to the date of the making of final proof, and entered an order so declaring, and directing that the homestead be applied only to the payment of those debts, properly proven, which had arisen since the bankrupt made final proof for his homestead. A creditor whose claim accrued prior to the making of such final proof excepted to this order of the referee, and at his request the order has been certified to the court for review.

The bankrupt has filed no exceptions to the order of the referee, and cannot therefore be heard to object to any of its provisions. If this were not the case, it is quite likely that he would have just cause to complain of the order because it limits his exemption from debts to those which accrued prior to the making of his final proof; whereas, section 2296 of the Revised Statutes declares that the homestead shall not "in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." There is no evidence presented here showing that any patent has ever been issued. It is the issuance of the patent which fixes the time when the property shall become liable to subsequent debts of the homesteader. Barnard v. Boller, 105 Cal. 214, 38 Pac. 728; Wallowa National Bank v. Riley, 29 Or. 289, 45 Pac. 766, 54 Am. St. Rep. 794.

Counsel for the objecting creditor contends that section 2296 of the Revised Statutes is repealed by sections 6 and 70, subd. 5, of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 548, 565 [U. S. Comp. St. 1901, pp. 3424, 3451]). Section 6 simply provides that the bankruptcy act shall not affect the allowance to bankrupts of the exemptions which are prescribed by state laws. Plainly this section deals solely with state laws. It is declaratory in its character. Its purpose is to save exemptions allowed by state laws, not to abolish those allowed by federal law. Its language is affirmative, and ought not to be given a negative effect, in the absence of a clear manifestation of such a legislative purpose. Potter's Dwarris, 69. Section 70 declares that the trustee shall be vested with the title of the bankrupt (except property which is exempt), to all "(5) property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him." The land in question does not come within the provisions of either branch of this section. Down to the time of final proof, the entryman could not transfer his homestead. Sections 2288 and 2291, Rev. St. (U. S. Comp. St. 1901, pp. 1385, 1390). Nor could any of the creditors whose claims have been proven have levied upon or sold the home-

stead for the collection of their debts. · Such action is clearly forbidden by section 2296 of the Revised Statutes. Seymour v. Sanders, Fed. Cas. No. 12,690; Baldwin v. Boyd, 18 Neb. 444, 25 N. W. 580; Shoemaker v. Stimson, 16 Wash. 1, 47 Pac. 218; Jean v. Dee, 5 Wash. 580, 32 Pac. 460; Brown v. Kennedy, 12 Colo. 235, 20 Pac. 696. There is certainly no such inconsistency between the bankruptcy act and section 2296 of the Revised Statutes as would sustain a repeal of section 2296 by implication. Great Northern Railway Co. v. United States, 155 Fed. 945, 961, 84 C. C. A. 93, and cases there cited.

In some of the cases there are general remarks to the effect that the state law establishes the rule of exemption under the bankruptcy act, and that only such exemptions in value and kind as those laws permit can be claimed by the bankrupt. Steele v. Buel, 104 Fed. 968, 44 C. C. A. 287; In re Manning (D. C.) 112 Fed. 948; In re Wunder (D. C.) 133 Fed. 821. The question before the court in these cases, however, was whether a specific piece of property came rightfully within the terms of the state law granting exemptions. In none of them was the question raised whether a bankrupt was entitled to the protection of the few federal laws granting to him special rights as against his creditors. The question here presented therefore must be determined, not upon such general observations as are found in these cases, but upon the provisions of the statutes themselves. For example, Rev. St. U. S. § 1628 (U. S. Comp. St. 1901, p. 1122), declares that military uniforms, arms, and equipments shall be exempt from all judicial process. These articles are not exempt under many of the state laws. Could it be reasonably contended that such articles pass to the trustee in bankruptcy because they are not covered by state exemption laws? I think not. The cardinal principle of the bankruptcy act is to grant to creditors only those rights which would have been theirs if bankruptcy had not supervened, and to save to the bankrupt and his family every right and exemption which would have been theirs as against creditors enforcing their claims by ordinary judicial process. Thomas v. Woods, 170 Fed. ——. This principle should not be departed from except in obedience to a command of the statute which is altogether clear. Such feeble inconsistencies as are here brought to the notice of the court would afford no justification for such action.

The decision of the referee must be affirmed, and it is so ordered.