---

## In re AUGE.

(District Court, D. Montana. December 29, 1916.)

### No. 1468.

1. BANKRUPTCY ⬤⟹400(4)—REVIEW—ORDER OF REFEREE—BURDEN OF PROOF.
   On objections to an order of the referee refusing to set aside to the bankrupt part of the property claimed as exempt, the burden to show error is on the bankrupt, and all ambiguities must be resolved against him.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 672, 673; Dec. Dig. ⬤⟹400(4).]

2. PUBLIC LANDS ⬤⟹140—HOMESTEAD—EXEMPTION FROM DEBTS—ENLARGED HOMESTEAD—"LANDS ACQUIRED UNDER THE PROVISIONS OF THIS CHAPTER."
   The Enlarged Homestead Acts (Act Feb. 19, 1909, c. 160, 35 Stat. 639 [Comp. St. 1913, §§ 4563–4568]; Act June 6, 1912, c. 153, 37 Stat. 123 [Comp. St. 1913, §§ 4532, 4552]) are but additions to and amendments of the original homestead law, and enlarged homesteads are "lands acquired under the provisions of this chapter," within Rev. St. § 2296 (Comp. St. 1913, § 4551), exempting such lands from liability for debts contracted

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

prior to the issuing of the patent therefor, though other provisions of that chapter limited homesteads to 160 acres or less.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 377–382; Dec. Dig. ☞140.]

3. BANKRUPTCY ☞396(5)—EXEMPTIONS—PUBLIC LAND HOMESTEAD.

Lands acquired under the homestead laws, which forbid their sale for prior debts, are not, except in a qualified sense, "exempt" or "exemptions," within Bankr. Act July 1, 1898, c. 541, 30 Stat. 544, which refers to exemptions given by state laws.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 668; Dec. Dig. ☞396(5).]

4. BANKRUPTCY ☞396(5)—RIGHTS OF TRUSTEE—EXEMPT PROPERTY—PUBLIC LAND HOMESTEAD.

The trustee in bankruptcy acquires no title to property exempt under the state laws, but only a right to control and set it off to the bankrupt, the right to exemption not being dependent on the existence or assertion of any debts, and the creditors, even if their claims are valid against property, being relegated to proper proceedings in the state courts; but the title to public lands homesteads, which are exempt under Rev. St. § 2296, only as to debts contracted prior to the issuance of the patent, passes to the trustee, to be sold by him for the payment of subsequent debts and the costs of the proceedings, or reconveyed to the bankrupt on the payment of the costs and of any debts for which they are liable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 668; Dec. Dig. ☞396(5).]

5. PUBLIC LANDS ☞140—HOMESTEADS—EXEMPTION FOR PRIOR DEBT—FINAL PROOF.

Under Rev. St. § 2296, providing that no lands acquired under the homestead laws shall become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor, debts which cannot be enforced against the land are limited to those contracted before final proof, after which the right to the land is complete, and it may be sold or mortgaged or subjected to taxation on those contracted prior to the issuance of patent, which may be delayed, but which, when issued, relates back to the final proof.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 377–382; Dec. Dig. ☞140.]

In Bankruptcy. In the matter of Eugene T. Auge, bankrupt. Proceeding by bankrupt to review an order of the referee confirming the action of the trustee in setting aside a part only of the property claimed as exempt. Order affirmed.

R. O. Lunke, of Sidney, Mont., for bankrupt.

BOURQUIN, District Judge. [1] Herein the record is ambiguous, but will serve; all ambiguities being necessarily resolved against the bankrupt, on whom is the burden to make his right and the referee's error appear. It seems that the bankrupt, in enjoyment of an "enlarged homestead" of 320 acres of public land, made final proof December 24, 1915, and patent issued March 10, 1916. His petition in bankruptcy was filed herein May 24, 1916, amongst other debts scheduling some of "1915." The state law provides for a homestead exemption of 160 acres, and April 13, 1916, the bankrupt pursuant to said law filed a declaration of homestead for all said 320 acres. In due time the trustee set aside only 160 acres thereof as exempt, and

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

on exceptions the referee confirmed it. Review is sought. The description of the land so set aside is erroneous, and the trustee will correct it.

[2] The bankrupt's contention that all said land is exempt is based on section 2296, R. S. (Comp. St. 1913, § 4551), which reads:

"No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

The chapter referred to is that of the federal original homestead law, providing for entries of 160 acres or less. Later homestead enactments (35 Stat. 639; 37 Stat. 123) permit entries for as much as 320 acres—enlarged homesteads—of public lands of certain quality and subject to somewhat different conditions. These latter are but additions to and amendments of the original law, and upon settled principles all form a whole, to be taken and read together as though the later enactments were part of the original law from the beginning, so far as the protection extended by section 2296 is concerned. Said section provides protection; other sections define the area protected. Changes in the latter affect not the former. Hence enlarged homesteads are "lands acquired under the provisions of this chapter," within section 2296, and are entitled to its protection, even as lesser or ordinary homesteads are.

[3] But it is believed lands so acquired are not "exempt" and "exemptions" within the meaning of those terms in the Bankruptcy Act, save perhaps in a qualified sense. Doubtless, within limitations, is congressional power to create exemptions, though this qualified one alone now evidences it. The Bankruptcy Act seems to recognize exemptions therein referred to as of state laws, and the Supreme Court has said that:

"The rights of a bankrupt to property as exempt are those given him by the state statutes." Smalley v. Laugenour, 196 U. S. 97, 25 Sup. Ct. 216, 49 L. Ed. 400.

[4] Of such exempt property a certain amount of control, but not title, passes to the bankrupt's trustee, only for orderly administration and to set it aside to the bankrupt. See citations, In re Lehfeldt (D. C.) 225 Fed. 681. If there are creditors against whom the exemption fails, it is by reason of state law, and they are left to work out their remedy in the state court. The property is still set aside as exempt by the trustee, since he has not title; and as of the bankrupt's estate it is not administered in the bankruptcy court. Lockwood v. Exchange Bank, 190 U. S. 300, 23 Sup. Ct. 751, 47 L. Ed. 1061.

The exempt status exists regardless of debts, even though there be none, or be barred by limitations, or not asserted, or forgiven. This status, and not the existence or nature of the debts, determines whether or not title passes to the trustee. Although a bankrupt's debts are of such nature that all be entitled to prevail over the exemption, yet by reason of its status the title to the exempt property will not pass to the trustee, and it must be set aside to the bankrupt for the procedure above indicated; for the Bankruptcy Act so orders.

No such status is created by section 2296. It attaches no such exempt quality to federal homestead lands. On the contrary, it creates a brief statutory benefit, dependent on debt and time, nonexistent if no debts prior to patent, extinguished by limitations, or nonclaim, or forgiveness of the debts, dependent on federal law, in bankruptcy proceedings to be worked out therein, and to which end the title to the lands subject thereto passes to the trustee. Involved in it may be benefit to the bankrupt's creditors also, and, conferred by federal law, they are entitled to have it determined in the federal court. They are not to be relegated to a state court to that end, as they would be by treating the lands as exempt property to be set aside to the bankrupt. If federal homestead lands are exempt, and the bankrupt have $1,000 of debts subsequent to patent, and $10 or $1 of debts prior to patent, the lands must be set aside, and the creditors of the $1,000 left to pursue them elsewhere. It cannot be conceded. Whether exempt, or whether title passes to the trustee, depends on status, and not on debts and chronology. If exempt by state law, the bankruptcy court does not inquire if there are debts, but looks to status and sets aside. To determine the protection of section 2296, the bankruptcy court does inquire of debts and time, and not at all of status, and administers the whole in bankruptcy.

[5] Bankruptcy proceedings have the flexibility of other equity proceedings. If no debts subsequent to patent, the lands should not be unnecessarily sold, but "turned over" or reconveyed by the trustee to the bankrupt on payment of lawful charges of administration. So, if debts to which the lands are subject are of small amount, the bankrupt might pay them and lawful charges of administration and avoid sale. Circumstances control. In reference to debts "prior to the issuing of patent," which section 2296 protects against, it is believed they are limited to debts prior to final entry, at which time the entryman has performed every condition precedent to patent—has earned and is entitled to patent. Delay in its issuance is due only to governmental routine and labor, and when issued the patent relates to the time it was earned and due. At such time he is owner of the land, it has passed from governmental dominion; the government but holding the legal title and in trust for him. He can sell or mortgage it, and it is subject to taxation and execution.

Mere land office delay, sometimes continuing for years, even if it could, should not protect debts contracted after final entry and patent due. There is difference of opinion, but the weight of authority and better reason warrant this conclusion. See cases, 5 Comp. Stats. (1916) 5371. In all herein, it is found impossible to agree with In re Cohn (D. C.) 171 Fed. 568.

By reason of the ambiguities in the bankrupt's pleadings, it does not appear none of his debts were contracted after final entry, taken to be of date of final proof, alone set out by him. If none such, or if of small amount (and the entire proceedings before the referee will determine, and not this proceeding alone), the course above indicated may be followed.

The referee's order is confirmed.