## No. 11,039.

### HUERFANO TRADING CO., ET AL. *v.* RANKIN.

Decided December 1, 1924.

Action to set aside execution sale and quiet title. Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1.  PUBLIC LANDS—*Homestead—Exemption.* Under the provisions of section 2296, U. S. R. S., exemption of homestead from liability for debts does not terminate upon the issuance of a receiver's receipt, but continues until patent has been issued.

*Error to the District Court of Huerfano County, Hon. A. F. Hollenbeck, Judge.*

Mr. GEORGE H. BLICKHAHN, Mr. CHARLES HAYDEN, for plaintiffs in error.

No appearance for defendant in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE defendant in error was plaintiff in an action against

the plaintiff in error to quiet title and to set aside a sale of land on execution. The parties will be designated as in the court below.

The complaint alleged that the land sold had been taken by plaintiff as a homestead; that he received a patent therefor on February 26, 1920; that the judgment upon which the execution issued, was taken on a note executed by the plaintiff February 18, 1919. The complaint further alleged that the debt having been incurred prior to the date of the patent, the land was exempt from debts contracted prior to February 26, 1920, under section 2296, Revised Statutes of the United States, which reads as follows: "No lands required (acquired) under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

The defendants demurred to the complaint, alleging that it failed to state a cause of action. The court overruled the demurrer, and the defendants elected to stand on the demurrer. Judgment was entered for the plaintiff, quieting title in him, and enjoining the defendants from setting up any title or interest under the sale on execution. Defendants bring error and ask for a supersedeas. There is no appearance for the plaintiff. It is urged that the court erred in sustaining the demurrer, it not being alleged that the debt was incurred prior to the making of final proofs. Counsel urge that the exemption under the federal statute does not apply to debts contracted after the issue of the receivers receipt, which shows that the entryman has fully complied with the law, and become entitled to a patent. In support of this contention they cite *Struby-Estabrook Mercantile Co. v. Davis,* 18 Colo. 93, 31 Pac. 495, 36 Am. St. Rep. 266; and *In re Auge,* 238 Fed. 621. In the first case cited, this court, by Justice Hayt, held that the exemption, though in terms continuing until the issuance of the patent, expired, in the eye of the law, when the receiver's certificate was issued; this on the ground that the entryman had at that time, acquired full

equitable title.   No case in point is cited, and the decision rests entirely upon the proposition that the exemption should cease when the entryman acquired full beneficiary interest in the land.   The federal case cited in this case, a district court decision, is to the same effect; the court declining to follow *In re Cohn,* 171 Fed. 568, to the contrary.

In *Ruddy v. Rossi,* 28 Idaho, 376, 154 Pac. 977, the court follows the Struby-Estabrook Case, and holds that the exemption ends on the issue of the receivers' receipt.   That case was reversed by the United States Supreme Court in 248 U. S. 104, 39 Sup. Ct. 46, 63 L. Ed. 148, 8 A. L. R. 843; the court holding that the language of the statute is clear, and that there is no reason for thinking that it failed to express the law makers intention.   It further is held that Congress had power to annex the restriction to the grant.   This is in line with numerous state decisions to the same effect, and is decisive of the case.

The judgment is accordingly affirmed.