[No. 3306.  Decided January 2, 1900.]

JOHN SHOEMAKE, *Respondent,* v. DANIEL FINLAYSON, *Appellant.*

FRAUDULENT CONVEYANCE — VALIDITY BETWEEN PARTIES — GRANTOR CONCLUDED BY JUDGMENT AGAINST GRANTEE.

One who has made a fraudulent conveyance of land, which has been adjudged void as to creditors, cannot subsequently assume ownership and relitigate matters theretofore decided in an action between his fraudulent grantee and his creditors, for the reason that a conveyance in fraud of creditors, though void as to them, is valid as between the parties.

ESTOPPEL — WHEN WITNESS BOUND BY JUDGMENT.

A person who is a witness in an action, fully acquainted with its character and object and interested in the result, is estopped by the judgment as fully as if he had been a nominal party.

Appeal from Superior Court, Klickitat County.—Hon. ABRAHAM L. MILLER, Judge.  Reversed.

*C. H. Spalding* and *Presby & Darch,* for appellant.

*N. B. Brooks* and *Coovert & Stapleton,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—Plaintiff sued to recover possession of certain real property, and to cancel a sheriff's deed, which was deemed to be a cloud upon his title.  From a judgment and decree in plaintiff's favor, the defendant has appealed. Plaintiff is the husband of Mary A. Shoemake, who was plaintiff in an action brought against the defendant in this action and the sheriff of Klickitat county, for the purpose of enjoining the execution of a sheriff's deed to the identical premises involved in the present suit.  Judgment was rendered against the plaintiff therein, which was subsequently affirmed by this court.  See *Shoemake v. Stimson,* 16 Wash. 1. (47 Pac. 218).  Plaintiff in that action claimed as owner in fee under a deed executed and deliv-

ered by her husband, who had acquired the land under the homestead laws of the United States, securing patent of the date of June 6, 1892.   Prior to the commencement of that action the sheriff had sold the land under an execution based upon a judgment recovered by Finlayson (appellant here) against John Shoemake, respondent here.   The ground upon which the plaintiff sought to recover was that the land was exempt from levy and sale upon the judgment, which was alleged to have been given upon a debt contracted prior to the issuance of patent.   On the trial of that action the court expressly found that the sum of $533 included in Finlayson's judgment was an indebtedness which accrued subsequent to the issuance of the patent, and further expressly found that the deed from John Shoemake, plaintiff in this action, to Mary A. Shoemake, plaintiff in the former action, was executed and delivered with the mutual intent to hinder, delay, and defraud creditors, and that said deed was and is void, "so far as creditors are concerned."   In his pleadings in the present case plaintiff assails the conveyance from the sheriff to the defendant, Finlayson, upon the sole ground that the judgment upon which the sheriff's deed is based was rendered for an indebtedness contracted prior to the issuance of the patent, and his contention is that he is not bound by the former adjudication, because he was not a party to that action.   His theory is that the deed from himself to his wife, having been adjudged fraudulent as to his creditors, was thereby rendered of no force and effect, and that the defendant is estopped from setting up said deed and the former adjudication as a defense in this action.   The position is not well taken.   A conveyance in fraud of creditors, though void as to them, is nevertheless valid as between the parties and passes all of the estate of the grantor to the grantee.   See *Sawtelle v. Weymouth,* 14 Wash. 21 (43 Pac. 1101), and authorities there cited.   The deed from

the plaintiff to his wife being valid as between themselves, the wife took all of the title and estate of the husband, burdened only by his debts.

There is also another ground upon which the judgment must be reversed.    The plaintiff in this action was a witness on the trial of the former action, and was fully acquainted with the character and object of that action and the issues made therein.    He was directly interested in the result, and in sustaining the title of his grantee, which was assailed therein, and, under such circumstances, he is estopped by the judgment as fully as if he had been a nominal party thereto.    *Douthitt v. MacOulsky,* 11 Wash. 601 (40 Pac. 186), and cases there cited.    Also, see *McClellan v. Hurd,* 21 Colo. 197 (40 Pac. 445).

The judgment and decree must be reversed and the cause remanded, with direction to the superior court to enter judgment for the defendant.

DUNBAR, REAVIS and FULLERTON, JJ., concur.