[No. 6895.  Decided November 1, 1907.]

AMERICAN BONDING COMPANY, *Respondent*, v. S. S. LOEB, *Appellant*, PACIFIC BREWING · AND MALTING COMPANY, *Intervener*.[1]

JUDGMENT — PERSONS CONCLUDED — WITNESSES — INDEMNITY—AUTHORITY OF AGENT TO ISSUE BOND—ESTOPPEL. A member of a transportation company who delivered stock of the company as a pledge for the purpose of securing a charter for the company, is concluded by a judgment against the company foreclosing the pledged stock, where he had knowledge of the suit, was a witness therein and had an opportunity to intervene and make the defense that he was acting as surety only and that the bond, to secure which the pledge was made, was issued by an agent without authority; especially where he had been personally interested in obtaining the bond and had accepted the benefits thereof.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered May 28, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a pledge. Affirmed.

*Richard Saxe Jones*, for appellant.

*Campbell & Powell*, for respondent.

DUNBAR, J.—One A. L. Campbell was an agent of the respondent American Bonding Company, and issued a bond in behalf of the respondent for a charter party entered into by Saunders, Ward & Company, and took security back from Saunders, Ward & Company. The appellant, Loeb, was a member of the transportation company for whose benefit the first bond was given. He became an officer of the transportation company to whom the charter party of the schooner Aberdeen was assigned, and said schooner was operated by said company. Twenty-five thousand dollars of the par value

[1] Reported in 92 Pac. 282.

of the capital stock of said company was delivered to the appellant Loeb, and afterwards sold by him for a valuable consideration. Loeb deposited one hundred shares of the capital stock of the Pacific Brewing and Malting Company as collateral security to protect the bonding company from loss on the bond furnished by it. The transportation company unsuccessfully conducted its business, and failed. Action was brought on the bond against the American Bonding Company, in San Francisco, California, and judgment rendered thereon, and this action is brought by the bonding company to foreclose the right of all parties to the shares of the capital stock of the Pacific Brewing Company deposited as aforesaid. Upon the hearing of the case, judgment was entered in favor of the bonding company, from which judgment this appeal is taken.

After the commencement of this action a considerable time elapsed before it was brought to trial, and in the meantime two amended complaints were filed. The case was finally heard on the second amended complaint and the answer which raised the issues thereon.

It is insisted by the counsel for appellant that the allegations of the different complaints are conflicting, and that the court erred in adopting the theory of the second amended complaint. An examination of the different complaints, however, fails to convince us that there was anything either wrong, suspicious, or unusual in the filing of the specified complaints. In any event, the case is for trial here on the issues which were made by the final pleadings.

Without especially reviewing or analyzing the testimony, which we have carefully examined in detail, we are satisfied that the appellant's main contention, that the findings of the court are against the testimony, cannot be sustained; but that, on the contrary, they are justified by undisputed testimony offered by respondent and by much of the testimony offered by the appellant. The many cases cited by appellant to sustain the doctrine that the right of a surety is strictly

guarded by the courts, may be accepted as correctly stating the law without affecting the judgment in this case, for we are convinced, not only by the testimony of the respondent, but by the testimony of the appellant Loeb, that he was not a surety in the transaction which was the basis of the action. According to his own testimony he was a member of the Aberdeen Steamship Company, was primarily interested in obtaining a charter and in organizing the corporation, and that for a consideration he assigned the shares in controversy for the purpose of securing the charter. But even if he were a surety, his complaint that he was not bound by the California judgment, for the reason that he had no notice, is not tenable, for he admits that before he left Tacoma he was aware of the suit which was to be brought in San Francisco; that he went to San Francisco, attended the trial, and testified in the case. He does not testify, it is true, that he went there for the purpose of attending the trial or testifying in the case, but says that he was a traveler and happened to be there. But the fact remains that, before he left Tacoma, he was aware of the trial, and that he did go to San Francisco, attended the trial, and testified in the case. So that he, being a party vitally interested in the result of the litigation, had an opportunity to intervene and make the defense which he claims the respondent ought to have made, viz., that Campbell was not authorized to issue the bond in the first instance, or any other defense that would protect his ultimate rights.

It was held by this court in *Douthitt v. MacCulsky*, 11 Wash. 601, 40 Pac. 186, that a person may be bound by a decree though not a technical party to the action. And in *Shoemake v. Finlayson*, 22 Wash. 12, 60 Pac. 50, we held that a person who was a witness in an action, fully acquainted with the character and object and interested in the results, was estopped by the judgment as fully as if he had been a nominal party. The appellant attempts, but we think unsuccessfully, to distinguish these cases from the case at bar. All

29—47 WASH.

cases, it is true, are of necessity somewhat different in circum-
stances.  But the principles announced in the cases above
cited, and the authorities therein quoted, we think are un-
doubtedly applicable in this case.  The result of the Cali-
fornia litigation of necessity affected the rights of appellant.
He was there, participated in the trial as a witness, and if he
thought that there was a defense to this action the interposi-
tion of which would protect him, it was his duty to make such
defense.  In addition to this, the appellant accepted the bene-
fit of the bond which was issued by the respondent, and is not
now in a position to be heard to question its authorization.
The statute of limitations plainly has not run against this
action, and so far as the items of expenditure which are incor-
porated in the judgment are concerned, they were provided
for in the contract.

We are unable to discover any reversible error in the trial
of the cause, and the judgment is affirmed.

HADLEY, C. J., ROOT, MOUNT, CROW, FULLERTON, and
RUDKIN, JJ., concur.