[No. 6895.  Decided July 17, 1908.]

AMERICAN BONDING COMPANY, *Respondent*, v. S. S. LOEB, *Appellant*.[1]

PLEDGES—PLEDGE OF CORPORATE STOCK—FORECLOSURE—MERGER OF LIEN—ENFORCEMENT OF DECREE—CUSTODY OF PLEDGED CERTIFICATE. Where a pledgee of a certificate of stock in a corporation has reduced its claim to judgment, foreclosing its lien on and directing a sale of the stock, its lien is merged in the judgment, and it is not entitled to possession of the certificate of the stock, but only to have the judgment carried into execution, and the only right of the pledgor is the right of redemption; the clerk of the lower court being the proper custodian of the certificate until redemption or sale.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered May 28, 1907, upon findings in

[1]Reported in 96 Pac. 692.

favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a pledge. Affirmed.

*Richard Saxe Jones*, for appellant.

*Campbell & Powell*, for respondent.

### On Petition for Rehearing.

Per Curiam.—On the 27th day of March, 1908, application was made to this court by the respondent for leave to withdraw the original certificate for 100 shares of the capital stock of the Pacific Brewing & Malting Company from the records and files of this court, substituting a copy in lieu thereof. The appellant appeared on the hearing of this motion and asked that the statement of facts and all exhibits in the case be returned to the clerk of the lower court, to the end that the final judgment might be carried into execution as directed by this court. On the hearing of these motions, the application of the appellant was granted and the application of the respondent denied, without an opinion. A rehearing has been asked for, and in view of the fact that there seems to be a misunderstanding between counsel as to the effect of the court's decision, or the reasons upon which it was based, we deem it proper at this time to state briefly our reasons for the order then made. The facts in the case are thus briefly stated in the opinion filed on the hearing of the appeal:

"One A. L. Campbell was an agent of the respondent, American Bonding Company, and issued a bond in behalf of the respondent for a charter party entered into by Saunders, Ward & Co., and took security back from Saunders, Ward & Co. The appellant, Loeb, was a member of the transportation company for whose benefit the first bond was given. He became an officer of the transportation company to whom the charter party of the schooner Aberdeen was assigned, and said schooner was operated by said company. Twenty-five thousand dollars of the par value of the capital stock of said

company was delivered to the appellant, Loeb, and afterwards sold by him for a valuable consideration. Loeb deposited 100 shares of the capital stock of the Pacific Brewing & Malting Company as collateral security to protect the bonding company from loss on the bond furnished by it. The transportation company unsuccessfully conducted its business, and failed. Action was brought on the bond against the American Bonding Company, in San Francisco, Cal., and judgment rendered thereon, and this action is brought by the bonding company to foreclose the right of all parties to the shares of the capital stock of the Pacific Brewing Company deposited as aforesaid. Upon the hearing of the case, judgment was entered in favor of the bonding company, from which judgment this appeal is taken." *American Bonding Co. v. Loeb,* 47 Wash. 447, 92 Pac. 282.

From the foregoing statement it will be seen that the original action was instituted to foreclose a lien on the shares of stock now in controversy, and the stock certificate was filed as an exhibit on the trial. The final judgment of the court granted a foreclosure of the lien and directed a sale of the stock to satisfy the judgment. This judgment was affirmed on appeal to this court. *American Bonding Co. v. Loeb,* *supra.*

The contention of the respondent seems to be that, notwithstanding the fact that it has foreclosed its lien and reduced its claim to judgment, it nevertheless has a right to the possession of the certificate of stock to do with as it wills, until the certificate is redeemed by the appellant. With this contention we are unable to agree. The claim of the respondent has been reduced to judgment and whatever rights it may originally have had in the shares of stock as pledgee are now merged in that judgment. It has no more right to withdraw the certificate at this time than it would have to withdraw a promissory note or mortgage after judgment for the ·purpose of negotiating it. The only rights it now has in the certificate or the stock is the right to have the judgment of the court carried into execution, and it is not entitled to the

possession of the stock certificate for that purpose.    For these reasons the motion of the respondent is denied.

The only right the appellant has in the stock certificate, on the other hand, is the right of redemption.    The time or manner of carrying the judgment into execution rests entirely with the respondent in whose favor the judgment was given.    In returning the record to the superior court from which it came, we do not accede to any of the contentions made by the appellant before this court.    We simply deemed the clerk of the lower court the proper custodian of the certificate until redeemed or sold under the decree.

The rehearing is therefore denied.