[No. 12601. Department Two. November 17, 1915.]

## J. M. COE, *Appellant*, v. J. L. WORMELL, *as Sheriff of Asotin County et al., Respondents*.[1]

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. In an equity case, tried *de novo* on appeal, error cannot be predicated on the erroneous admission of evidence, since the improper evidence will be disregarded on appeal.

DEEDS—DELIVERY—VALIDITY. There was no valid delivery of a deed where the grantor, upon the meeting to close the deal, knocked the grantee down and robbed him of his money, retaining possession of the deed, which was taken from him by officers on his arrest.

JUDGMENT — RES JUDICATA — MATTERS AND PERSONS CONCLUDED. Judgment quieting the title to land upon the theory that there had been a valid delivery of a deed to plaintiff is not conclusive, as against prior mortgagees of the grantor who were not parties to the action, and does not establish, as to them, that the deed was delivered.

APPEAL—REVIEW—HARMLESS ERROR—FINDINGS. In an action to enjoin the execution and delivery of a sheriff's certificate of sale upon a mortgage foreclosure, which the mortgagee had assigned to the defendant O., a finding that O. was the owner of the certificate is immaterial, where it appears that plaintiff had no right in the premises as against the mortgagees.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered September 1, 1914, upon findings in favor of the defendants, in an action for an injunction, tried to the court. Affirmed.

*Geo. W. Tannahill* and *M. P. Shaughnessy*, for appellant.

*Dwight E. Hodge* and *E. J. Doyle*, for respondents.

[1]Reported in 152 Pac. 716.

MAIN, J.—The purpose of this action was to enjoin the execution and delivery of a sheriff's deed to the holder of a certificate of sale under a decree of foreclosure of a real estate mortgage. The defendants named in the complaint were J. L. Wormell, as sheriff of Asotin county, Washington, Clay McNamee, James L. Harn, and Sam Oylear. After the issues were joined, the cause was tried to the court sitting without a jury, and resulted in a judgment in favor of the defendants. The plaintiff has appealed.

The facts are as follows: On the 29th day of March, 1912, and for some time prior thereto, one Morris Long was the owner of a certain tract of land containing about 160 acres, located in Asotin county, Washington. A few days prior to the date mentioned, one J. M. Coe had negotiated with Long for the purchase of the land. After the terms had been agreed upon, Long had prepared, signed and acknowledged a deed for the land, in which deed Coe was named as grantee. The deed was not delivered at this time, but the parties then went to Lewiston, Idaho, to complete the transaction. After they reached Lewiston, as claimed by Coe, they went out on the railroad track to complete the trade, and, "I laid the money on the track and as I reached for the papers he knocked me down and took both."

On the same day and immediately thereafter, Coe caused Long's arrest for the crime of robbery. At the time he was arrested, Long had in his possession the deed. On April 11, 1912, this being after Long's arrest, he executed a power of attorney to one John C. Applewhite, wherein the latter was named as his attorney in fact to execute and acknowledge any deed or instruments of conveyance or mortgage so as to entitle them to be recorded, and was authorized to represent Long personally or by counsel of his selection in any and all matters and in any and all proceedings had or to be had. This power of attorney was recorded in the office of the auditor of Asotin county, Washington, on April 12, 1912. Thereafter, on August 13, 1912, Applewhite, as attorney in

fact for Long, executed to Clay McNamee and J. L. Harn, attorneys residing at Lewiston, Idaho, a mortgage upon the Asotin county real estate above mentioned, to secure the payment of a note executed by him as such attorney in fact for the sum of $1,000. This mortgage was recorded on August 16, 1912.

On August 30, 1912, McNamee and Harn borrowed from the Empire National Bank of Lewiston, Idaho, the sum of $500, and to secure the payment thereof, assigned to the bank, as collateral security, the note and mortgage executed to them by Applewhite. On August 28, 1912, Long instituted an action in the superior court for Asotin county, wherein he claimed that the note and mortgage executed by Applewhite, as his attorney in fact, had been given without authority, and praying that the same be cancelled. The only defendants named in this action were McNamee and Harn. On February 7, 1913, the bank filed a complaint in intervention in this action, setting out the fact of the assignment of the note and mortgage and alleging that it was the owner thereof, and praying for a foreclosure of the mortgage and a sale of the premises to satisfy the same. The trial of this action resulted in a judgment in favor of the bank, and directing that the mortgage be foreclosed and the premises sold to satisfy the same. Under this judgment, the land was sold by the sheriff of Asotin county on August 30, 1913. On September 9, 1913, McNamee and Harn, having paid their indebtedness to the bank, the bank executed a written authority to the sheriff to issue to them the certificate of sale. The order confirming the sale was entered on November 13, 1913. Thereafter McNamee and Harn transferred the certificate of sale to Oylear.

The facts thus far stated show the basis of the claim of McNamee and Harn and Oylear to the land. We will now state the facts which furnish the basis of the appellant's claim. After Long had been arrested, as above stated, there was taken from his possession by the arresting officer the

deed for the Asotin county land in which Coe was named as grantee. This deed was introduced in evidence at the preliminary hearing, and was thereafter transmitted as an exhibit to the district court of the second judicial district of the state of Idaho, in Nez Perce county. While the deed was thus on file with the clerk of the district court for the second judicial district of Idaho, Coe procured a certified copy thereof, and caused such copy to be recorded in the auditor's office in Asotin county on November 21, 1912. Thereafter, on December 27, 1912, Long brought an action against Coe for the purpose of removing the cloud from the title to his land which the filing of the certified copy of the deed had caused. In this action Coe answered, claiming the ownership of the land and praying that title thereto be quieted in him. This cause in due time was tried to the court without a jury. Long was not present at the trial and no evidence was introduced in his behalf. On April 4, 1914, the court entered a judgment in favor of Coe quieting the title to the land in him. To this action neither McNamee nor Harn nor any of the other defendants in the present action were parties.

Coe, relying upon the judgment which was entered in his favor in the suit which was brought against him, instituted the present action for the purpose of preventing a deed being issued in the foreclosure action in which the bank was intervener. As above stated, the trial court was of the opinion that Coe was not entitled to injunctive relief, and entered a judgment accordingly.

The appellant first contends that the trial court erred in admitting, over his objection, certain incompetent, irrelevant, and immaterial evidence. This is an equity case and is tried in this court *de novo*. In such a case, the admission of incompetent, irrelevant, or immaterial evidence by the trial court does not constitute reversible error, but where such evidence appears in the record, it will be disregarded by this

court in considering the case. If there is sufficient competent and relevant evidence to sustain the trial court's findings and judgment, the cause will not be reversed because there may have been admitted during the trial certain incompetent, irrelevant, or immaterial evidence. *Rohrer v. Snyder,* 29 Wash. 199, 69 Pac. 748; *Davies v. Cheadle,* 31 Wash. 168, 71 Pac. 728.

It is also claimed that the trial court erred in holding that the judgment in the foreclosure action was binding upon Coe when he was not a party to that action. From the findings, conclusions, and judgment entered, we do not understand that this was the position of the trial court. If Coe was entitled to prevail as against the defendants in this action, it was by reason of the fact that there had been a valid delivery of the deed to him. Coe did not testify in the present action, but relied largely upon the judgment in the action wherein he prevailed against Long. The trial court found that the deed had at no time been delivered to Coe, and this finding is amply sustained by the evidence. The judgment in the action of Coe v. Long would not establish the delivery of the deed as against the present defendants, but the issue must be determined from the evidence introduced upon the trial in this cause.

It is also claimed that the trial court erred in adjudging that Coe had no right, title or interest in the Asotin county land as against the defendants in this case, and that the judgment rendered in favor of Coe in the action in which Long was the plaintiff and Coe was the cross-complainant is ineffective so far as it affects the defendants in this action. There was no error in this regard. The mortgagee or his assigns are not bound by a judgment against the mortgagor in a suit begun by third parties subsequent to the execution and recording of the mortgage, unless such mortgagee, or some one authorized to represent him, is made a party to the litigation. *Keokuk & Western R. Co. v. Missouri,* 152 U. S. 301; *Old Colony Trust Co. v. Omaha,* 230 U. S. 100. In

this case, the mortgage was executed on the 13th day of August, 1912, and recorded on the 16th day of the same month. The action in which Coe prevailed against Long was not begun until December 27, 1912, approximately four months subsequent to the mortgage.

There is some contention that it was error for the trial court to enter a finding that Oylear was the owner of the sheriff's certificate of sale. In the plaintiff's complaint it was alleged that Oylear has or claims some interest in or to the premises by virtue of the purchase of the sheriff's certificate of sale or some part thereof. This allegation was admitted in the answer by the defendants. It would seem that the allegation of the complaint and the admission of the answer were sufficient to sustain the finding. But in any event, if Coe had no right in the premises as against the mortgagees or their assignee, the finding would be immaterial so far as he may be concerned.

The judgment will be affirmed.

MORRIS, C. J., ELLIS, and FULLERTON, JJ., concur.