Argued March 17, affirmed April 12, 1927.

# EMIL STREICHERT, EXECUTOR, *v.* MAUDE W. HIGGINS, EXECUTRIX, ET AL.

### (254 Pac. 1023.)

**Principal and Agent—Pledgor Having Received Benefits of Contract Made by One Purporting to Act as Agent for Pledgees, His Executrix was Estopped from Questioning Agency.**

1. Pledgor having received benefits of contract made by one purporting to act as attorney in fact for pledgees, executrix, as representative of pledgor's estate, was estopped from questioning agency.

**Executors and Administrators—Suit by Executor of Pledgee was Ratification of Unauthorized Act of Agent in Renewing Notes and Extending Time of Payment Thereof.**

2. Prosecution of suit by S., as executor of pledgee, to foreclose contract pledging bank stock for security for notes, was ratification of S.'s acts, as agent, in renewing notes and extending time of payment thereof, if he had not been authorized to do so.

**Principal and Agent—Principal, Accepting Benefits of Agent's Unauthorized Acts, With Knowledge of Material Facts, Ratifies Them.**

3. Whenever a principal accepts benefits of his agent's unauthorized acts, with knowledge of all material facts, he ratifies them.

---

1. See 21 R. C. L. 640.
·3. See 21 R. C. L. 932.

Pledges—Extension of Time of Payment of Notes was Consideration
for Contract Pledging Shares of Bank Stock as Collateral.

4.   Extension of time of payment of notes constituted valuable
consideration, which supported contract pledging shares of bank
stock as collateral security.

Principal and Agent—In Pledge Foreclosure, Defendants had Bur-
den of Proving Pledgees' Agent's Authority to Release Maker,
or Ratification of Lease.

5.   In suit to foreclose contract pledging bank stock as additional
security for payment of promissory notes, defendants had burden
of proving that agent purporting to act for pledgees, in signing
agreement releasing maker from liability on notes, had authority to
so contract, or, if not, that unauthorized act had been ratified.

Principal and Agent—Evidence Held to Show That Agent had No
Authority to Release Maker from Liability on Notes Secured
by Pledge of Bank Stock.

6.   In suit to foreclose contract pledging bank stock as security
for payment of promissory notes, evidence *held* to show that one
purporting to act as agent for pledgees, in signing agreement re-
leasing maker from liability on notes, had no authority to execute
agreement.

Principal and Agent—Agent Could not Delegate Performance of
Duties Involving Matters of Personal Trust and Confidence.

7.   Where power of attorney conferred upon agent authority in-
volving matters of personal trust and confidence, agent could not
delegate performance of duties to another.

Principal and Agent—Evidence Held not to Show Ratification of
Unauthorized Act of Agent for Pledgees in Releasing Maker
from Liability on Notes.

8.   In suit to foreclose contract pledging bank stock as security
for payment of notes, evidence *held* not to show ratification of un-
authorized act of one signing pledgees' names to agreement releasing
maker from liability on notes.

Agency, 2 C. J., p. 467, n. 44, p. 493, n. 55, p. 494, n. 56, p. 513,
n. 97, p. 514, n. 98, p. 685, n. 32, p. 954, n. 81.
Pledges, 31 Cyc., p. 796, n. 19.

From Clatsop: J. A. EAKIN, Judge.

Department 2.

AFFIRMED.

For appellants there was a brief over the name of
*Mr. Edward E. Gray,* with an oral argument by *Mr.
W. Smith.*

7.   See 21 R. C. L. 860.

For respondents there was a brief and oral argument by *Mr. J. J. Barrett.*

BELT, J.—This is a suit to foreclose a contract pledging certain bank stock as additional security for the payment of four renewal promissory notes therein described.    The contract was executed November 17, 1920, by and between C. R. Higgins, pledgor, and August Scherneckau and Theodore Bracker, pledgees, through their attorney-in-fact, Emil Streichert.    Appellants contend that Streichert was not authorized under power of attorney so to contract on behalf of his principals, Scherneckau and Bracker.

1. It is unnecessary to construe the power of attorney and to determine the extent of authority thereby conferred, as, in our opinion, the pledgor, having received the benefits of the contract made by one purporting to act as agent, the executrix, as representative of the pledgor's estate, is estopped from questioning the agency.    It does not lie in the mouth of the appellants to say that Streichert was not authorized to act: 2 C. J. 467; *American Bonding Co.* v. *Loeb,* 47 Wash. 447 (92 Pac. 282); *Brown* v. *Holloway's Estate,* 47 Colo. 461 (108 Pac. 25); *Albert Steinfeld & Co.* v. *Broxholme,* 59 Cal. App. 623 (211 Pac. 473).

2. Furthermore, even though it were conceded that Streichert, as attorney-in-fact, was not authorized to renew these notes and extend the time of payment thereof, the prosecution of this suit by respondents is a ratification of the act of the agent.    The rule is not altered by reason of the fact that Streichert, as executor instituted this proceeding to obtain the fruits of an agreement made by Streichert as attorney-in-fact.

121 Or.—20

3. It is elementary that whenever a principal accepts the benefits of his agent's unauthorized acts, with knowledge of all the material facts, he ratifies them: *De War* v. *First Nat. Bank of Roseburg,* 88 Or. 541 (171 Pac. 1106); *Depot Realty Syndicate* v. *Enterprise Brewing Co.,* 87 Or. 560 (170 Pac. 294, 171 Pac. 223, L. R. A. 1918C, 1001); *Cranston* v. *West Coast Life Ins. Co.,* 72 Or. 116 (142 Pac. 762).

4. There is no merit in the contention that there is no consideration to support the contract pledging the shares of bank stock as collateral security. The extension of time of payment of the notes unquestionably would constitute a valuable consideration: 31 Cyc. 796.

5, 6. Having held that Streichert was authorized to execute the pledge agreement, it is necessary to consider the defense of payment as to two of the notes included therein. It is contended that on December 1, 1920, Geo. W. Warren, maker of the above-mentioned notes, entered into a written agreement with his numerous creditors, among whom were Bracker and Scherneckau. Under this agreement, which was signed, "Theodore Bracker and August Scherneckau by J. L. Hope, their attorney," certain property was conveyed and transferred to a trustee in satisfaction and settlement of indebtedness on notes.

The decision on this phase of the case depends upon whether Hope had authority so to contract; and, if not, whether his unauthorized act has been ratified. On these issues the defendants have the burden of proof: *United States Nat. Bank* v. *Herron,* 73 Or. 391 (144 Pac. 661, L. R. A. 1916C, 125). We are convinced that Mr. Hope, as an attorney at law, had no authority to execute this agreement on behalf of Bracker and Scherneckau. Certainly he had no im-

plied authority so to do: *Fleishman* v. *Meyer,* 46 Or. 267 (80 Pac. 209); *Seaweard* v. *De Armond,* 101 Or. 30 (198 Pac. 916). Hope, as witness for defendants, in response to the question, "Did you ever have any business with them (referring to Bracker and Scherneckau) concerning any property, any debts of Geo. W. Warren?" answered, "I don't think I had direct with either of them. I had it through Emil Streichert." When asked whether he was authorized by Streichert to sign the agreement, he answered, "I can't say that I absolutely was authorized." In fairness to the attorney, we quote further from the record, although it is not material to the question of agency:

"I was employed by Mr. Streichert to look after his interests pertaining to the Scherneckau and Bracker notes, as against George W. Warren and C. R. Higgins, and the general family, general Warren-Higgins family, and as a matter of fact, I was acting as attorney for a great number of people that had interests opposed to the Warren, especially George Warren, like the Astoria National Bank, and Mr. Byland and others, Copeland and others, and it is a little hard for me to recollect distinctly just the matters that pertained with reference to the Scherneckau-Bracker matter, but the situation was this: that these matters were turned over to me, and we were endeavoring to get a settlement through the Warren people and the Higgins people * * ."

7. The power of attorney conferred upon Streichert authority involving matters of personal trust and confidence, and it is well established that such could not be delegated. As stated in 2 C. J. 685:

"The general rule is that an agent in whom is reposed trust or confidence, or who is required to exercise discretion or judgment, may not intrust the performance of his duties to another without the con-

sent of his principal, and, since nearly all acts of agency involve discretion, and the very selection as agent ordinarily implies personal confidence in the agent chosen, it follows that one clothed with authority to act for a principal must ordinarily perform the act himself, and cannot without the principal's consent delegate it to another, * * "

8. There is no evidence showing a ratification of the agreement purporting to release Warren from liability on the notes, as evidenced by the following portion of the record:

Question to Mr. Hope: "Did you ever show that contract to Streichert? A. Not that I recall. I talked to Mr. Streichert about it. He told me afterwards that he had never seen it before, and I have no reason to doubt his word.

"Q. Did you ever tell him that you signed it? A. Well, now, I would not say that I did, and I would not say that I didn't, but it is my impression that I did—may be entirely mistaken in that regard * * ."

The record does not disclose that Bracker and Scherneckau ever approved or adopted the action of Hope by accepting the fruits of his unauthorized act.

The trial court, who saw the witnesses and had the opportunity of observing their demeanor upon the stand, found that the contract in question entered into by Hope was not ratified, and, in that finding, we concur.

The decree of the lower court foreclosing the contract in question is affirmed.          Affirmed.

Burnett, C. J., and Bean and Brown, JJ., concur.