Argued July 7, affirmed September 27, 1977

# HANSEN, *Appellant,*
## *v.*
# POWER et al, *Respondents.*
## (TC 75-1515-L-3, SC 24790)

569 P2d 573

Douglas P. Cushing, of Frohnmayer & Deatherage, Medford, argued the cause and filed the brief for appellant.

Richard C. Power, Oakland, California, filed the brief for respondents.

Before Denecke, Chief Justice, and Holman,* Tongue and Lent, Justices.

TONGUE, J.

*Holman, J., did not participate in this decision.

**TONGUE, J.**

This is an action for damages for breach of an earnest money agreement to sell real property. The case was tried before the court sitting without a jury. At the conclusion of plaintiff's case, the court granted the motion of defendant Power for an involuntary nonsuit. The court subsequently entered judgment in favor of defendant Taylor. Plaintiff appeals. We affirm.

The real property in dispute consists of a house and lot in Medford. It was owned by five brothers and sisters, including defendants Taylor and Power, after the death of their parents. Plaintiff is a builder and developer in Medford.

On January 22, 1974, an earnest money agreement to sell the property to plaintiff for $18,500 was signed by defendants Taylor and Power and by plaintiff. Plaintiff was unable to secure a loan in an amount sufficient to finance the purchase.

The real estate salesman then, by interlineation upon that earnest money agreement, wrote the words:

"Seller to take back second trust deed for $3,000 due in one year with interest at 10%. * * *."

That proposed amendment was initialed by plaintiff and was then taken by the salesman to defendant Taylor, who resided in Medford and who also initialed it. When called as an adverse witness by plaintiff, however, she testified on cross-examination that before doing so she was told by the salesman that the amendment had been previously "agreed to" by defendant Power, who resided in California. She also testified that she had no authority to represent Power and never told plaintiff or the salesman that she had such authority.

The real estate salesman, when called by plaintiff as a witness, testified that plaintiff was one of his "customers" and was "buying real estate"; that when he took the proposed amended earnest money agree-

ment to defendant Taylor she told him that she wanted to consult her brother, defendant Power; that he (the salesman) was "under the impression that [Power] needed to okay this," and that he called Power "and discussed the idea with him" to "see if they would go along" with a second mortgage. He did not testify, however, that defendant Power agreed to "go along." Neither did he deny the testimony of defendant Taylor that he told her that Power had "agreed" to the proposed amendment, but only testified that defendant Taylor said that she had a power of attorney, and that he "understood" that she was executor of her mother's estate, but that he never saw "anything in writing."

Plaintiff Hansen testified that he had no prior conversation or correspondence with either of the defendants, but was told by the salesman that defendant Taylor had authority to sign the amendment to the agreement.

This was the extent of the evidence offered by plaintiff in his opening case on the issue of the authority of defendant Taylor to bind her brother, defendant Power, and her other brothers and sisters by her initials upon the proposed amendment to the earnest money agreement. Plaintiff contends that there was sufficient evidence of apparent authority in that defendant Taylor was "allowed * * * to indicate that she was the owner and capable of selling * * *," citing *Streichert v. Higgins et al,* 121 Or 303, 254 P 1023 (1927).

When, however, it appears that a person dealing with an agent knew that approval by another person was required or knew of other facts which would put him on inquiry as to the scope of the agent's authority, as in this case, there can be no claim of apparent authority. *See Graef v. Bowles et al,* 119 Or 498, 508, 248 P 1090 (1926). *Cf. Lumbermens Mut. Cas. v. Jamieson,* 251 Or 608, 615, 447 P2d 384 (1968). It

follows that the trial court correctly granted defendant Power's motion for involuntary nonsuit.

■ It is also our opinion that the trial court properly held that there was no enforceable contract as between plaintiff Hansen and defendant Taylor. From the facts as previously stated the trial court could properly find not only that defendant Taylor did not have authority to sell the property, except in conjunction with defendant Power, but that she did not intend that her initialing of the original earnest money agreement, as amended by the real estate salesman, would make a binding contract without the approval of defendant Power.

■ There was also evidence from which the trial court could properly find that plaintiff himself did not believe that the original earnest money agreement, as amended, was a binding contract. After plaintiff was informed that defendants would not sell the property under the terms of the original earnest money agreement, as amended, a further proposed earnest money agreement, dated May 14, 1974, was prepared by the real estate broker or his salesman, signed by plaintiff and tendered to defendant Taylor, who refused to sign it.

Plaintiff testified that this document, although bearing his signature, was not a "counter offer" by him, but was a "counter offer" by defendant Power, although not signed by him. Plaintiff also contended that he still relied upon the previous "amended" earnest money agreement as a legally binding agreement.

The trial court was not required to believe that testimony. Instead, the trial court could properly find from all of the circumstances of this case that when the proposed earnest money agreement of May 14, 1974, was proposed, signed by plaintiff and tendered to defendant Taylor, the plaintiff did not at that time believe that there was already a binding contract for the sale of the property, but that, on the contrary, he

then believed that he did *not* have a binding contract and that he signed and tendered the proposed earnest money agreement dated May 14, 1974, as a counter proposal for purchase of the property.

The judgment of the trial court in favor of defendant Taylor was based upon its finding of fact "that plaintiff Hansen's offer to purchase dated May 14, 1974, constituted a counter offer which operated as a rejection of all prior offers made by defendant" and that "plaintiff's offer of May 14, 1974 * * * was not accepted by any defendant." We hold that there was substantial evidence to support that finding of fact.

For all of these reasons, the judgment of the trial court is affirmed.