134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dan-Victor BALAESH, Plaintiff-Appellant,
v.
TRINITY BIOTECH, an Irish public limited company, Defendant-Appellee.
 No. 96-35899.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1997.**
Decided Nov. 25, 1997.
 
 1
 Before: NOONAN and HAWKINS, Circuit Judges, and MERHIGE***, District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Dan-Victor Balaesh ("Balaesh") appeals the trial court's grant of summary judgment to Trinity Biotech ("Trinity") on his misrepresentation and third and fourth breach of contract claims. Balaesh also appeals the court's denial of his motion for partial summary judgment. We affirm the judgment of the trial court.
 
 FACTS
 
 4
 When it was founded, Trinity issued two classes of capital stock. Each share of class A stock had one vote, liquidation rights in the event of liquidation or merger, and the right to share in any dividends. Class B Shares had the right to one vote without liquidation or dividend rights. A Prospectus issued by Trinity in October of 1992 in connection with its initial public offering of class A stock states that upon the occurrence of either one of two triggering events described in the Prospectus, "Class 3 Common Stock will have two votes per share and will have the right to participate in dividends and in liquidation or sale of the Company as if each share of Class B Common Stock were two shares of Class A Common Stock." Balaesh purchased 200,000 class B shares in January of 1993. Balaesh transferred record ownership of his B shares later that year but claims to retain a beneficial interest in the stock. Balaesh and Trinity's management have engaged in a long-running dispute over whether class B shares are convertible into twice as many A shares upon the occurrence of a triggering event or will merely be treated Like A shares with respect to voting, dividends and liquidation or sale.
 
 ANALYSIS
 
 5
 This court reviews a trial court's grant of summary judgment do novo. Charry v. California, 13 F.3d 1386, 1388 (9th Cir.1994).
 
 
 6
 The trial court properly granted Trinity's motion for summary judgment on Balaesh's misrepresentation claim. Balaesh has failed to support his allegations of oral misrepresentation with specific facts regarding the occurrence of these misrepresentations, such as specific dates and times or other details regarding the alleged incidents. Trinity's Prospectus also did not misrepresent the convertibility of B shares. The Language of the Prospectus is unambiguous on its face and clearly means that upon occurrence of a triggering event, the B shares will be treated like A shares for the purposes of voting, dividends and liquidation or sale, not that they will be exchangeable with or convertible into A shares. Even if Balaesh is correct that the language of the Prospectus is ambiguous, this ambiguity cannot support a claim for misrepresentation, which must be proved by clear and convincing evidence. Riley Hill Gen. Contractor, Inc. v. Tandy Corp., 737 P.2d 595, 597 (Or.1987). Balaesli's further argument that the ambiguity in the Prospectus support his reasonable reliance on the alleged oral misrepresentations is unavailing because Balaesh has not provided sufficient evidence to support the occurrence of these oral misrepresentations.
 
 
 7
 Summary judgment was also appropriate on Balaesh's third and fourth breach of contract claims. Balaesh is correct that his affidavit can reasonably be interpreted as merely questioning Denis Burger's authority to enter into these contracts on behalf of Trinity rather than as an admission that Burger lacked this authority. Summary judgment was, nevertheless, appropriate because Balaesh presented no evidence that Burger had either actual or apparent authority to bind Trinity. None of the factors cited by Burger in his brief to to the issue of whether Burger had any actual authority to enter into the contracts, and Balaesh points to no provision in Trinity's Articles of Association or resolution or other act of the Board supporting such authority. Balaesh also fails to point to any conduct on the part of Trinity that would create apparent authority in Burger to enter into the contracts. Moreover, under Oregon law, there can be no claim of apparent authority where a third party has knowledge of facts which would put him on inquiry as to an agent's actual authority, Hansen v. Power, 569 P.2d 573, 574 (Or.1977), and when Balaesh questioned Burger's authority, he demonstrated that this knowledge was clearly the case here.
 
 
 8
 Because the trial court properly granted summary judgment on Balaesh's misrepresentation and breach of contract claims, denial of Balaesh's motion for partial summary judgment on the issue of the occurrence of the first triggering event was appropriate. Even if Balaesh can demonstrate that the first triggering event occurred within the requisite time period, he will not be entitled to the relief he seeks.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 **
 * The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3